UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KYLE DILDINE Parent and Guardian of A.D., Deceased Minor,<br>VICTORIA DILDINE Parent and Guardian of A.D., Deceased Minor,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK-PLEASANT COMMUNITY SCHOOL CORPORATION,<br>WHITELAND COMMUNITY HIGH SCHOOL,<br>TIMOTHY EDSELL PH.D., in his official capacity as Superintendent of the Clark-Pleasant Community School Corporation,<br>PATRICK J. SCHALER in his individual capacity,<br>JANA L. HUFFMAN in her individual capacity,<br><br>Defendants. | No. 1:24-cv-00296-SEB-TAB |

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO ASSERT NONPARTY DEFENSE UNDER THE INDIANA COMPARATIVE FAULT ACT**

**I.   Introduction**

This case arises out of the downing of 15-year-old A.D. during a swimming class at Whiteland Community High School in May 2023. Defendants seek leave to amend their affirmative defenses to name two nonparties, Dr. Lisa M. McGuire (A.D.'s pediatric neurologist), and Dr. Stacey L. Smith (A.D.'s primary care pediatrician), under the Indiana Comparative Fault Act. [Filing No. 18.] Plaintiffs Kyle Dildine and Victoria Dildine, parents and guardians of A.D., oppose the motion. [Filing No. 19.] For the reasons set forth below, Defendants' motion is granted.

**II.    Background**

On May 13, 2023, A.D. drowned while participating in a swimming class at Whiteland Community High School. Prior to the incident, A.D. was diagnosed with epilepsy and deemed a child with a disability. She had a Rehabilitation Act Section 504 Plan for accommodations in place at the time of the incident. On September 19, 2023, prior to this lawsuit being filed, defense counsel forwarded Plaintiffs' counsel a letter and document production that included A.D.'s "school medical file." [Filing No. 19-1.] Included in A.D.'s school medical file were records identifying Smith as Plaintiffs' primary care provider and McGuire as her treating pediatric neurologist, as well as a Seizure Action Plan identifying McGuire as A.D.'s treating physician. [Filing No. 19, at ECF p. 2.]

Plaintiffs filed this lawsuit on February 14, 2024, alleging five causes of action against Defendants, including Section 1983 claims, state law negligence claims, and claims under Section 504 of the Rehabilitation Act. [Filing No. 1.] Defendants timely filed their joint answer and affirmative defenses in April 2024. [Filing No. 10.] In May 2024, the Court approved the Case Management Plan in this case, which set July 15, 2024, as the deadline for the parties to amend their pleadings. [Filing No. 12, at ECF p. 5.] On June 14, 2024, consistent with the CMP, the parties exchanged their Rule 26 initial disclosures. [Filing No. 14; Filing No. 15.] Plaintiffs identified McGuire as simply a witness whose "testimony may include, but not limited to, diagnosis and treatment of A.D." [Filing No. 18-2, at ECF p. 9.] Plaintiffs did not offer any details about the scope, duration, or extent of care McGuire provided to A.D. Plaintiffs did not identify Smith in their initial disclosures. Additionally, in their preliminary witness list, Plaintiffs identified McGuire, but did not identify Smith. [Filing No. 16.]

2

On July 1, 2024, Defendants served Plaintiffs comprehensive discovery requests, including interrogatories and requests for production. [Filing No. 18-4; Filing No. 18-5.] The discovery requests sought, among other things, information and documents concerning the medical care A.D. received prior to the incident. Plaintiffs' responses to those requests were due on July 31, 2024, but Defendants indicate that they still had not received Plaintiffs' responses at the time they filed their motion to amend on September 19. [Filing No. 18, at ECF p. 6.]

While these discovery requests were pending, Defendants notified Plaintiffs that they intended to serve non-party requests for production to McGuire's healthcare institution and other relevant non-parties. [Filing No. 18-7, at ECF p. 1-2.] Plaintiffs' counsel agreed to waive the seven-day notice requirement under S.D. Ind. L.R. 45-1 so Defendants could serve the request on McGuire right away. [Filing No. 19-2.] Defendants ultimately served their non-party request to McGuire on August 12, 2024. [Filing No. 19-3.] Defendants' counsel received responses from the hospital on September 3, 2024, which included A.D.'s medical records documenting, in detail, McGuire's care and treatment of A.D. prior to the incident. [Filing No. 18, at ECF p. 7.]

Defendants indicate these medical records identify A.D.'s primary care physician as Smith, and Smith appears to have been involved in (or at least aware of) the numerous evaluations A.D. received prior to the incident and the course of overall treatment McGuire prescribed for A.D. Thus, on September 10, 2024, Defendants alerted Plaintiffs' counsel that they would seek leave to amend their affirmative defenses to name six of A.D.'s medical providers who appear to have been involved in A.D.'s medical treatment prior to the incident. [Filing No. 18, at ECF p. 8.] Plaintiffs' counsel objected on the grounds that such a motion would not be timely and that "there is no factual basis to drag six medical providers into this lawsuit." [Filing No. 18-8, at ECF p. 2.] On September 13, 2024, Defendants received more

3

than 100 additional pages of medical records from non-party JWM Neurology LLC. Following that production, Defendants agreed to limit their request to only add McGuire and Smith. Plaintiffs' counsel still objected to the requested amendment for the reasons previously provided. [Filing No. 18-8, at ECF p. 1.] On September 16, 2024, Defendants filed the underlying motion. [Filing No. 18.]

### III.  Discussion

Defendants argue that they should be permitted to amend their affirmative defenses to name McGuire and Smith as nonparties under the Comparative Fault Act, because good cause exists under Fed. R. Civ. P. 16(b) and justice requires allowing the amendment under these circumstances. [Filing No. 18, at ECF p. 10.] Ultimately, the decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

> Under Indiana law, a nonparty defense may be raised when the defendant contends that the plaintiff's damage was caused in full or in part by a nonparty. Just as it may be considered unfair to deprive the plaintiff of recovering the full amount of damages due to the allocation of fault to a nonparty, it would be unfair to require the defendant alone to bear the cost if he or she was not solely responsible. The defendant must raise any nonparty defense in its answer, assuming that such defense is known prior to the time of filing. However, if the defendant acquires actual knowledge of such a defense after having filed the answer, it may plead the defense with reasonable promptness.
>
> "Reasonable promptness" refers to the period of time between service of the complaint on the defendant and assertion of the nonparty defense by the same, not the time between learning of the defense and asserting it. If service of the complaint was made on the defendant more than 150 days prior to the expiration of the statutory limitations period for the nonparty, the defendant must plead nonparty defenses no later than 45 days before such expiration deadline. The court may alter these time limitations or make other suitable time limitations in any manner consistent with giving the defendant a reasonable opportunity to discover the existence of a nonparty defense.

*Denney v. Amphenol Corp.*, No. 1:19-CV-04757-TWP-MKK, 2023 WL 3563626, at *1 (S.D. Ind. Jan. 26, 2023) (internal citations, quotation marks, and ellipses omitted).

Plaintiffs acknowledge that the Indiana Comparative Fault Act includes a time limit for asserting a nonparty defense and requires that if a party gains actual knowledge of a nonparty defense after filing its initial answer, the defense must be asserted with "reasonable promptness." Ind. Code § 34-51-2-16. [Filing No. 19, at ECF p. 6.] However, Plaintiffs take issue with the fact that Defendants have known Smith and McGuire were physicians who treated A.D. since before this lawsuit was filed, yet they waited until after the deadline to amend pleadings to even request McGuire's records. And they still have not requested Smith's records. [Filing No. 19, at ECF p. 7.] Thus, Plaintiffs argue that Defendants have not acted with reasonable promptness.

While Defendants could have moved to amend their answer sooner, in its discretion the Court finds Defendants have acted with reasonable diligence in the broader context of discovery in this case. In addition, Defendants are within the timeline set forth in the Act for raising a nonparty defense. As noted above, under Ind. Code § 34-51-2-16, a defendant must plead any "known" non-party defense as part of the first answer. However, if a defendant "gains actual knowledge" of a nonparty defense after filing its initial answer, the defendant must plead with "reasonable promptness." *Id.* In addition, under the Act, if the defendant was served with a complaint and summons more than 150 days before the end of the applicable statutory limitations period, "the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action." *Id.*

Those requirements reflect "substantive law established through [Indiana's] legislative process." *Anderson v. Red Lobster Restaurants LLC*, No. 1:21-cv-2333-JPH-TAB, 2022 WL 1172157, at *2 (S.D. Ind. Apr. 19, 2022). See also *Hoskins v. Comcast Corp.,* No. 1:12-cv-

5

01280-SEB-MJD, 2013 WL 1857193, at *2 (S.D. Ind. May 2, 2013) ("[B]ecause the complaint and summons were served more than [150] days prior to the expiration of the statute of limitations in this action, 'reasonable promptness' is not the standard and the Court must look to the 150/45 day rule."). Here, it is undisputed that the statute of limitations for Plaintiffs' potential claims against her providers would expire, at the earliest, sometime next year. Thus, Defendants have asserted their nonparty defense in a timely manner under the Comparative Fault Act, as they are asserting it more than 45 days before the limitation period expires. Ind. Code § 34-51-2-16. The requested amendment would not be futile.

While it is true that Plaintiffs may suffer some prejudice from the amendment, it is equally true that depositions have not yet occurred, and expert disclosures deadline has not yet passed, and the dispositive motions deadline is still months away in February 2025. No settlement conference or mediation has been scheduled, and trial is currently set to begin in October 2025. Thus, although the parties have been actively engaged in discovery, this case is still in its relatively early stages. For all of these reasons, Defendants' request to amend their affirmative defense to name McGuire and Smith is reasonable, and the Court will allow the amendment.

**IV.    Conclusion**

Accordingly, Defendants' motion for leave to assert nonparty defense under the Indiana Comparative Fault Act is granted. [Filing No. 18.] The Clerk is directed to docket Filing No. 18-1 as Defendants' amended answer.

Date: 10/31/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email